Case number 20-3847, Viviane Bushong v. Delaware City School District et al. Oral argument is not to exceed 15 minutes per side. Mr. Garvine for the appellant. May I proceed? Thank you. Thank you. May it please the court. John, we have three assignments of error in this employment case. The first relates to count one of Ms. Bushong's complaint relating to Ms. Bushong's section 1983 violation of First Amendment rights. And the trial court aired when it found Viviane Bushong's speech was speech as a public employee versus a citizen. The court went into detail regarding the issues that Ms. Bushong complained of regarding class size, curriculum, those types of things. There are three distinguishing factors in Ms. Bushong's case versus the cases such as Fox and the other cases relied upon by the court. Number one, in taking Ms. Bushong's complaint as a whole, the court is certainly familiar with the Iqbal-Quambley standard. And essentially, the standard is, has Ms. Bushong pled a plausible claim for First Amendment violation, for age discrimination, and for retaliation in terms of our three assignments of error. Taking the complaint as a whole, she has met that burden. It is plausible in light of three distinguishing factors. One, taking the complaint as a whole and looking at Ms. Bushong's... Counsel, forgive me for interrupting. Is this more of a First Amendment claim or a state law claim? Where are you putting your emphasis? On the First Amendment. First Amendment. So no state law claim really no longer part of the case? Correct. Okay. And then on the First Amendment claim, tell me what I'm missing about Garcetti and Marshall and those line of cases that... I thought the way this worked is, if it's the school district that's going to be on the hook when people are unhappy, say, with the curriculum, that's a good example of the speech of the school district as opposed to the teacher, that you can't bring a retaliation claim when the teacher is upset about what they have to teach. And it seems like all of your client's complaints are the kinds of things that the school district would be on the hook for. And so that just makes me think you're kind of in Garcetti-Marshall land, which is not a good place to be for a plaintiff bringing a First Amendment retaliation claim. And I understand that, Your Honor. I think the distinguishing factors here are taking Ms. Bouchong's entire employment history into consideration, taking the union participation into consideration. The trial court didn't address the union's participation. And then the fact that with the ESL student, her father was involved in that. These issues, taking the complaint as a whole, relate to issues of public concern, such as discrimination, retaliation, First Amendment violations. Certainly, as Your Honor indicated, a lot of these complaints had to do with employment-related issues. On the union point, did your complaint say anything about a union? Are there facts in the complaint as opposed to briefing later about exactly what was going on with the union part of this claim that seems to be kind of an afterthought? Well, and the reason that is, there's only one mention of the union in paragraph 31 of Ms. Bouchong's complaint, and that was the union's involvement with this issue with the ESL student. And I guess moving ahead to that issue in the trial court. But I'm just so we're on the same page. Complaints about unions might well be outside of the school's speech, might well implicate First Amendment retaliation. But I'm just, what I'm struggling with is, I don't think you pled enough facts in the complaint for that theory. Your Honor, we discussed that she obviously complained to the union that there was not a Again, this isn't in the complaint, it certainly can be inferred, is because there was no plausible opportunity to arbitrate these issues. The union was not involved in these issues. And there was just no opportunity to arbitrate the situation. And the fact that she, the union was involved with the ESL and so forth, does take this out of just employee, or at least partially. However, just so we're clear, I don't think it does. You just can't have a phrase involved her union in your brief, have nothing in the complaint. I mean, that would be a very good claim. I got retaliated against because I was either for the union or against the union. That seems pretty conventional. But you just were factually describing something about the fact pattern where a union was involved. And I just don't see how you can use that even though it is the kind of thing that would normally work here. But I don't think you used it. Well, her complaint isn't against the union in the sense that she had any kind of issue with the union. Her complaint is against the school district for discrimination, retaliation, so forth, with respect to issues that she brought up regarding the ESL, regarding discrimination, regarding all the things that we discussed in the complaint. The union only came into play in that she notified the union regarding these ESL issues. Let me ask you this. Is your client still employed by the Delaware City School District? She is. Okay, so she wasn't terminated. She was just reassigned from being a guidance counselor or teaching English as a second language to monitoring study halls, right? Correct. And I wanted to address that in terms of Mr. Albert's discussion regarding that there's been no adverse employment action. There has been under the case that he cited. It's well established that if there's a reassignment without a salary or work hour change, it isn't normally an adverse action, but it can constitute a demotion if you have a less distinguished title, material loss of benefits, significantly diminished responsibilities, or other indications. Certainly, Vivian Bouchon has a less distinguished title. I mean, she's essentially a study hall monitor. She sits and monitors kids all day long, as opposed to being a guidance counselor, which is her education, training, and experience. So, she has a less distinguished title. She has significantly diminished responsibilities. In fact, she doesn't, she really serves no other function other than simply watching children. Is her income decreased? It has not. It has not. And what, how, don't you have a problem under the Ohio Supreme Court's decision in Mousie versus Kelly Services, where it says that the statute that you sued under prescribes discriminatory discharges, but not transfers? Well, Your Honor, this is what, I don't believe that's, I don't think that's an issue in this case, because we, in terms of our assignments of error, we, our assignments of error only involve counts one, four, and seven, and those involve the federal claims. I don't believe that would be an issue. Well, I mean, didn't you, well, the state court, the district court dismissed her state law claim for age discrimination. Correct. Are you, you're not appealing that? No. No, we, we're appealing count four, and the basis of, the basis for the court's dismissal of count four, the federal age discrimination, was, there allegedly was an opportunity to arbitrate, and the reason, and the court relied on the York case for that proposition. The York case is distinguishable from our case for several reasons. In York, the plaintiff filed a written grievance. The plaintiff testified in that case that, that he would have taken the grievance of arbitration. Ultimately, he settled that grievance within the arbitration process. Here, none of those, none of those. Mr. Garvine, I'm looking at page 14 of your brief, Roman numeral two. The issue defines whether the district court erred in granting judgment on the pleadings on plaintiff appellant Bushong's age discrimination claim under ORC 4112.14. And then there's another little A heading that says you're, that she pled a viable age discrimination claim under that statute, but you just told us you weren't appealing any of the state claims. Did I understand you correctly? Well, our federal and state claims may have been under the same count. They may have been under the same count, but the basis for the trial court's dismissal of those claims was the alleged opportunity to arbitrate. And again, it's our position that York is substantially distinguishable for the, for the reason that I discussed. The only mention of arbitration in the complaint is paragraph 31, where we're, where we're discussing. And you know what, you may be right about that. I'm tending to think that probably it was improper for the district court to rely on your failure to exhaust, you know, your remedies. But your problem is that if the statute that you're basing the age discrimination on is, as Judge Gibbons says, this ORC 41112.14, you're going to lose because she wasn't discharged. Well, and your honor, I mean, I think we've got other age discrimination claims as well in terms of federal claims and the state and our state claims. And it's, I think the trial court, again, the trial court's error was for purposes of our appeal today is related to the arbitration issue. You know, if our state claim failed, certainly our federal claim would not or should not fail on the basis of a failure to arbitrate on such, you know, distinguishing facts from York. And to quickly address the retaliation, the trial court also erred when it indicated that you know, nowhere in the complaint does plaintiff allege she voiced an opposition to discrimination based on age. And as we discussed in our brief, when you look at our brief under the age discrimination claim, there are very distinct facts regarding she's over 40, she has the mental and physical capabilities, the education training experience. Under that count, she comprehensively addressed that issue. And thank you, Your Honor, I see my time is up. Mr. Albert. You're mute. Thank you, Your Honor. My name is John Albert. I'm with the law firm at Crab Brown and James in Columbus, representing Appalese, the Delaware City School District, Mr. Craft and Mr. Stranges. We're asking you to affirm the district court's dismissal of this action. To clarify, Your Honors, there were seven counts in the complaint. Appellant has only appealed three of those counts. Count one for the 1983 action on First Amendment speech, count four on the state law age discrimination under 4112.14 and count seven, just alleging retaliation due to First Amendment and age discrimination. With regard to the count one appeal on the 1983 action First Amendment speech, there's no dispute under the Garcetti case, the Aquilani case, the Evans-Marshall case. We all know that if the speech is pursuant to official duties, then the person is not speaking as a public citizen and therefore they can be disciplined. Here, if you look at the allegations in the complaint, I think it's very clear and Judge Sutton referenced it as well. All the allegations concern her official duties as a teacher. There were duties that were being done in furtherance of her ordinary responsibilities as that language is used in the Bolton case as well as Lane versus Franks. The allegations are that she had concerns about classroom discipline. She was rearranging students based upon their skills. She was requesting ESL curriculum and materials. She spent $150 out of her own pocket for books to be used in the classroom. There was an incident with an ESL student that she describes in the complaint for which an investigation had to be done and a parent had to be called in and she had to meet with that parent. Why is the complaining about spending $150 out of your own pocket school district speech? Because it involved using it for books and materials in the classroom, Your Honor. Yeah, but I don't think it's school district speech. I mean, I don't understand that. Well, she was complaining to a supervisor at the school district. I suppose if she was standing out on the street corner after hours with a sign complaining about it, then I think we probably have the distinction that Garcetti has set forth. But in this case, there's no allegation that she complained to anybody other than a school setting to her supervisor, which I submit would be in furtherance of her ordinary teacher responsibilities. There's been some argument that, well, she was a member of the union and therefore that takes her outside the scope of this official responsibility or official speech. But I submit, first of all, an appellant has not cited one case to you that says if the union's involved and the person now becomes a public citizen. Yeah, but I mean, you would agree that if you were complaining about the school district didn't respect the union or the school district relied too heavily on the union, in other words, either direction, that's not school speech. That would be pretty classic political speech that you couldn't retaliate against, right? That could very well be the case, Your Honor. Here, there's no complaint in that regard, which I think supports the trial court's decision. In the brief, there's reference to, well, because she was a member of the union, well, again, there's no case law cited and there's no facts in the complaint that says because she complained. There's not even a fact in the complaint that says she complained about the union. Well, what the complaint says is not just that she was a member of the union, but it said the union represented her in connection with the incident involving the student. That's correct. That's correct in paragraph, I think it's 31 as a complaint. But then there's no other paragraph that says she was complaining about the union and that's what resulted in retaliation or discrimination. Um, so I think it's pretty clear the trial court was, was followed, properly followed Garcetti and Bolton and Lane versus Franks. And when you look at the complaint, there's just simply no factual allegation to support a violation of her First Amendment freedom of speech rights. With regard to, um, count four, which is the state law age discrimination claim, 41, 12.14 as the trial, which obviously prohibits discrimination of persons over age 40. The trial court, um, correctly analyzed this as well. Your honors citing section C of that statute, which says it's not actionable if arbitration is available. Um, in the pleadings below plaintiff did not dispute that she did not arbitrate. That was never an issue. You know, I raised it in the, in the motion for judgment on the pleadings and in plaintiff's response to that motion, she did not dispute that she failed to arbitrate. And also she never disputed she was a union member. That's an affirmative defense. You, as a defendant, would have to plead to say she failed to exonerate the remedy. She doesn't have to prove that she did. Yet there was no attachment of the CBA to the complaint. And there was no attachment to your motion to dismiss, was there? No, your honor, because we're restricted to the pleadings, obviously. And she did. Granted then, shouldn't you use that as a basis to grant you judgment on the pleadings if there was nothing in the pleadings about having an obligation to arbitrate? Well, what she did put in the pleadings in paragraph 13 was that her incident with the ESL student took place, which resulted in union representation of Bushong. So the trial court had to accept it as true that she was a member of the teacher's union. And also in paragraph 32, it described her being on administrative leave while the investigation took place. In paragraph 33, it described her as receiving a reprimand. So I would submit to you, your honor, that because she pled that she was a union member to avoid facing this defense, she also had to plead that I arbitrated or that I didn't have the opportunity to arbitrate. Because she raised the issue that she was a union member. And nowhere in the complaint does she then, in turn, plead facts saying that she arbitrated or didn't have the opportunity. So I think the trial court appropriately relied upon what she pled and what she didn't plead as not satisfying Division C of the statute. There's nowhere in her pleadings that she said, I didn't have the opportunity to arbitrate. So I submit to you, your honor, that it was appropriate. The school district or the one claiming her failure to do that is a ground to grant judgment against her. Well, if you've got the affirmative defense to do that, but there was nothing in the pleadings that said there was any duty to arbitrate, you can't just say, well, she was a member of the union, therefore she had a duty to arbitrate. I didn't foregone conclusion. Not every union contract necessarily has such a provision. Well, your honor, I can understand that concern. I guess I would submit that, and I guess it's not part of the record, but I've never seen a teacher's union CBA agreement that did not have a requirement to arbitrate. But nonetheless, I submit to you that she should have pled she didn't have the opportunity to arbitrate. What about the thought that she was going to lose because of, say, the section of the Ohio code, this 4112.14, seems to only allow a claim of discharge, not a conviction. If you could make offhand, that would be a solid ground for you. But I don't know, are you making that argument or not? Well, your honor, I guess we didn't have to go that far, but I think that's accurate. The statute does talk about termination. And here, there's no dispute of fact under the pleadings that she was not terminated. She never alleged that. And as Mr. Garvine indicated to you earlier, she was not terminated. She's still an employee of the district. With regard to the last count, Roman numeral VII on retaliation, which is paragraph 66 of the complaint, it wasn't totally clear under that claim what the basis for the retaliation was. And I think the trial court maybe wrestled with that a little bit because it just referred to all the prior paragraphs of the complaint. But the trial court first looked at that in the context of First Amendment rights. And noted that she, and you look at the appellant's brief on that issue, she just says, well, I've complained to the defendants for 16 years. But there's no detail as to what First Amendment free speech complaint are you claiming you were retaliated for. And as we know, it's our position that there was no non-official First Amendment freedom of speech here. And she also refers to complaints going back for 16 years, which also, in 2010, there was a prior lawsuit between these parties that was dismissed with prejudice. So anything before 2010 should not even be an issue here. And I did raise that in the judgment on the pleadings. The trial court did not see the need to rule on it. So with regard to any retaliation for First Amendment rights, there's just no specifics provided to the trial court exactly what. And the trial court, I think, did a good job in assessing that issue nonetheless. And also, since the First Amendment rights were not violated, then there wouldn't have been any retaliation to pursue. And the only other topic for retaliation would be age discrimination. And the trial court assessed that under both Ohio law and ADA, ADEA. She has to engage in a protected activity. The employer has to be aware of it. There has to be an adverse employment action that causes the adverse and a causal connection to the adverse employment action. And the judge, I think, properly went through the test. He said, first of all, there's no fact alleged that she participated in an EEOC proceeding or investigation or litigation based on age. It's not alleged in the complaint. So then the judge went on to assess the opposition alternative. And he, again, found there's no factual allegation that she opposed discriminatory conduct based on age. All the facts in the complaint, Your Honor, relate to her official class duties as I've already described, not her age. And then again, you get to the issue of no adverse employment action if you need to get that far. She continues to work for the district. She didn't suffer a diminishment in salary or benefits or hours. Her duties were assigned differently, which is the statutory authority of the superintendent and the Board of Education in these cases. So, Your Honors, thank you. If you have no further questions, I'm asking that you affirm the district court's decision in all respects. OK.  Thank you, Your Honor. Just a couple of quick points. Again, in terms of the 1983 First Amendment claim, the three distinguishing factors are the complaints to the union, the involvement of the parent, and just the overall history of the situation between these parties. And that distinguishes this case from the cases cited by the trial court and Mr. Albert. In terms of the age discrimination, the sole basis for the trial courts. I thought you told me in your opening argument you were only bringing the First Amendment retaliation claim. The 1983 is count one, is the 1983 First Amendment speech violation, and then count seven is the retaliation claim. So you do have a state law discharge claim? For count seven, the retaliation claim. And what's your response to the discharge requirement? Well, Your Honor, the age discrimination claim, the trial court's sole basis was the opportunity to arbitrate. We didn't brief that. If we, I would, I mean, I would like the opportunity to brief that in terms of the discharge. I understand that's what the statute says, but, you know, under these circumstances, I may fall under that statute or not. The trial court's decision was based solely on the alleged opportunity to arbitrate. And again, I believe, we believe York is substantially distinguishable. And, you know, based on the language in paragraph 31 of Ms. Bouchon's complaint, that language of just simply mentioning that the union was involved with this ESL student would not, it does not implicate an opportunity to arbitrate. So in terms of the, and I understand the court's concern, you know, that issue wasn't briefed by the trial court. It wasn't briefed by any counsel and so forth. So I don't know whether an adverse employment action, similar to what the COSA's case, you know, contemplates in terms of a diminished material responsibilities, just less distinguished title and things like that. But I mean, you know, it is pretty normal to say that if you're alleging a mistake, you've got to show it's harmful. Well, of course, your honor, and it is harmful. I mean, when you have a woman that has, has been a career guidance counselor her entire life, and she's been demoted to basically being a study. You're missing the upshot of my point. You have to show it's harmful under the statute in which you're seeking relief. And if the statute under which you're seeking relief requires a discharge, it seems to me legitimate to expect you to show proof of a discharge. Well, I understand that the court's concerned, but that what's happened to her in terms of an adverse employment action may qualify under that statute. None of the parties briefed that issue. I said, you can say she has not been discharged. I'm sorry. See that she has not been discharged. She's still employed, right? She has not been. She is. She has not been discharged. Maybe you need to use another word. She has not been fired. Let's say otherwise worth the case is over. Right now. She has not been fired. She has not been fired. No. So, Your Honor, we request that the decision of the trial court be reversed in a manner be remanded regarding counts one, four and seven of Ms. Bouchon's complaint. Thank you for your attention. Thank you both for your argument. We'll consider the case carefully.